**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| MAWULE TEPE,<br>*Plaintiff*,<br>v.<br><br>TRUIST FINANCIAL CORPORATION,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-00093-DCLC-CHS |

**REPORT AND RECOMMENDATION**

## I. Introduction

This matter is before the Court upon Defendant's Motion for Sanctions [Doc. 59] and Defendant's Motion to Set Hearing or, in the Alternative, for Status Conference [Doc. 77]. The District Court has referred these motions for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) [Doc. 83]. This lawsuit arises from alleged unauthorized access to financial accounts. For the reasons stated herein, it is **RECOMMENDED** that Defendant's Motion for Sanctions be **GRANTED**; that Defendant's Motion to Set Hearing be **DENIED**; that Defendant file an itemized accounting of all attorney fees and expenses; and that Plaintiff be **ENJOINED** from filing any suit against Defendant Truist Financial Corporation until Plaintiff satisfies the amount for sanctions determined by the Court following Defendant's accounting submission.

## II. Discussion

As an initial matter, the Court notes that this case was dismissed for failure to prosecute because Plaintiff has ceased all activity in the case. [*See* Doc. 83 at 1-3]. Therefore, the Court does not find that setting a hearing or status conference on the motion for sanctions would be useful.

Regarding sanctions, Fed. R. Civ. P. 11 ("Rule 11") authorizes sanctions on any party that submits filings for any improper purpose. The Court has already declared Plaintiff to be a vexatious litigant based on his improper filings in this and other cases. [*See* Docs. 53 at 1-3; 83 at 1]. As an

example from this case, Plaintiff tried to "circumvent [a filing] injunction by adding various unrelated claims and defendants to a currently pending action." [Doc. 53 at 3]. Based on Plaintiff's repeated conduct in this case, the Court finds that sanctions are appropriate under Rule 11 for improper-purpose filings.

The undersigned finds that the appropriate sanction is for Defendant to receive remuneration from Plaintiff for Defendant's expenditures generated by this case. Accordingly, Defendant would need to submit to the Court an itemized accounting of the attorney fees and expenses occasioned by this case. The Court would then review and approve an amount for Defendant to be reimbursed by Plaintiff. Further, the undersigned finds that Plaintiff should be required to pay the full amount authorized by the Court before he can file any other lawsuit against Defendant Truist Financial Corporation.

## III. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that:

1. Defendant's Motion to Set Hearing or, in the Alternative, for Status Conference [Doc. 77] be **DENIED**.

2. Defendant's Motion for Sanctions [Doc. 59] be **GRANTED**.

3. Defendant be given 21 days to file an itemized accounting to be reviewed by the Court of the attorney fees and expenses incurred in this case.

4. Plaintiff be given 14 days to respond to Defendant's itemized accounting of the attorney fees and expenses incurred in this case.

5. Plaintiff be **ENJOINED** from filing any other suit against Defendant until he pays to Defendant the amount ultimately approved by the Court for sanctions.

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE